## FELIX MERCER v. R. B. HENDERSON AND WIFE.

**Attorney and Client—Attorney's Lien.**

The court may properly adjudge attorneys, who procured a judgment for damages, a prior lien on the judgment for the services rendered.

**Judgment—Set-off.**
> The right to set off one judgment against another was held not to exist, not only because there is not a mutuality of the parties to the two judgments, but because a third party is a meritorious claimant to one of the judgments.

### APPEAL FROM MARION CIRCUIT COURT.

#### January 19, 1874.

OPINION BY JUDGE HARDIN:

The action of the court in adjudging and enforcing the claim of the attorneys, Russell and Arnett, to a prior lien on the judgment for $500 damages, seems to have been in conformity to the recent decision of this court in the case of Robertson v. Shott, and fully authorized by the statute. We are also of the opinion that the court properly refused to apply any part of the $500 as a set-off against the appellant's $400 judgment, not only because there was not an exact mutuality of parties to the two judgments, but also because Mrs. Emaline Henderson, against whom the appellant had no judgment or claim, being the meritorious claimant of the judgment for $500 as compensation for personal wrongs and injuries done to her, as well as a co-plaintiff with her husband in the suit to recover it, had a right to interpose, as she did, to prevent its exclusive application to the satisfaction of a debt of the appellant against her husband alone.

Wherefore, the judgment is affirmed.

*W. J. Lisle, for appellant.*

*Russell & Averitt, for appellees.*